Louis S. Fellman, *Tr. vs.* Daniel G. Fellman, *et al.*

DECEMBER 31, 1947.

Present: Flynn, C. J., Capotosto, Baker and Condon, JJ.

Baker, J. This is a bill in equity for the construction of a will. When the cause was ready for hearing for final decree in the superior court, it was certified to this court for determination under the provisions of general laws 1938, chapter 545, §7.

All interested parties are before the court. The complainant, a son of the testator Harris Fellman, deceased, is named trustee in the will. The respondents, who have all answered the bill, comprise the surviving children of the testator, their respective husbands and wives, and all the testator's living grandchildren. A guardian *ad litem* was duly appointed by the superior court to represent minor respondents and all contingent interests. No evidence was presented in that court.

The testator died February 28, 1928, and his will, which is dated May 27, 1927, was admitted to probate March 28, 1928 by the probate court of the city of Woonsocket. Surviving him were his wife, four sons, two daughters and at least one grandchild. The widow died in California in 1943. Thereafter, but prior to the bringing of the present proceeding, one daughter died leaving surviving her a husband but no issue.

In the early clauses of the testator's will he provided for specific legacies to certain persons, chiefly members of his family, and he also left instructions as to matters connected with his estate. By the nineteenth clause he left all the rest and residue of his estate to the complainant, in trust, however, for certain uses and purposes. One of these was to pay to the testator's wife from the income of the trust property as long as she should live the sum of $1800 annually in equal monthly installments. Another was the depositing of $100 each year in a bank for the benefit of the testator's grandson, Stanley Arnold Fellman, until he became eighteen years of age, the income of such deposit to be thereafter applied for his education with the power to use the principal thereof for such purpose if necessary, and the trustee was directed to pay him the remainder, if any there be, of the deposited sum when said grandson reaches the age of twenty-five years.

In the third, fifth and sixth paragraphs of the nineteenth clause the testator then provided as follows:

> "3. I hereby direct my said trustee to assign and transfer to my sons, Louis S. Fellman and Herbert M. Fellman, the leasehold interest which I hold by virtue of the lease given to me by Kresge & Company of the store occupied by H. Fellman & Sons, Inc., with the provision that my said sons, Louis S. Fellman and Herbert M. Fellman shall pay to my said trustee the sum of $1200.00 each and every year during the continuance of said lease, payable monthly, said sum to become a part of my trust estate."

"5. I further direct my said trustee to divide the balance of the income of said trust estate equally between my children, except as provided in the sixteenth section of my said will, and if any of my children shall be deceased or shall become deceased during the continuance of said trust estate, I direct that the share of said deceased child shall be paid to his children, if any there be, and if any of my sons shall decease during the continuance of said trust estate without leaving any issue, I direct that said share of said deceased son shall be paid to the widow of said deceased son, for the period of three years after the death of said son; thereupon, said share of said deceased son shall be divided equally among the survivors of my said children except as aforesaid.

"6. I further direct my said trustee, after the death of my said wife, Miriam Fellman, and upon the expiration of the time that the widow of any of my said sons shall be entitled to receive any income from my trust estate, to divide said trust estate among the persons then receiving the income, in the same proportion that said income is being divided."

The complainant in his bill, in view of the death of the testator's widow, has asked the court's instructions in respect to the following questions: (a) Has the trust ceased and terminated? (b) Should the *corpus* of the trust estate be divided by the trustee? (c) If so, among whom should the *corpus* of the trust estate be divided?

Those respondents who are the sons and daughters of the testator and their respective husbands and wives contend that, in the existing circumstances, the trust created by the nineteenth clause of the will terminated with the death of the testator's widow in 1943, and that the complainant, as trustee, should divide said trust estate among the testator's children who were living at her death.

On the other hand, the testator's grandchild, Stanley Arnold Fellman, who is now of age, and the guardian *ad litem*, who represents the minor grandchildren and contingent interests, argue that, the testator's widow having died, the trust will terminate at some future and as yet unascertained

time, that is to say, at the expiration of the time when the widow of the last survivor of all the testator's sons would be entitled to receive income from said trust, provided such survivor died without leaving any issue. The effect of the last-mentioned view would be to hold the trust open at least until all the sons of the testator had died, and until the material facts existing at that time could be learned.

Our duty is to ascertain from an examination of his entire will the testator's intent in respect to the termination of the trust created therein by him, and to give effect to that intent if reasonably possible. *Industrial Trust Co.* v. *Harrison,* 67 R. I. 131. At the outset we are met with certain ambiguities and inconsistencies by reason of some of the language used, particularly in the third, fifth and sixth paragraphs of the nineteenth or residuary clause wherein the trust is set up. It is therefore not easy for us to determine from the will the testator's exact intent in the above connection. However, in deciding the questions presented we have tried to give reasonable effect to all parts of his will so as to make that instrument reflect what we believe was in substance his intent in respect to the disposition of his estate and the termination of the trust.

It should be noted that while only one trustee is named in the will and only one trust referred to therein, such trust is apparently made up of at least two distinct parts. The first, which is provided for in the second paragraph of the nineteenth clause, is a gift in favor of the grandson, Stanley Arnold Fellman, requiring the trustee to deposit annually in a bank the sum of $100 from the trust estate for the former's benefit until he is eighteen years of age. As he has now passed that age it is no longer necessary for the trustee to make such deposits. However, that portion of the trust plainly does not terminate until the grandson has reached the age of twenty-five years. Until such time the trustee must administer that part of the trust estate as provided for in the will. This is some indication that the testator intended that the whole trust should not terminate at least

until that time. The second part of the trust is set out in the remaining paragraphs of the nineteenth clause.

The only specific provision in the will, however, in reference to the termination of the principal portion of the trust is contained in the sixth paragraph of the nineteenth clause hereinbefore set out. This paragraph provides in substance that, after the death of the testator's wife "and upon the expiration of the time that the widow of any of my said sons shall be entitled to receive any income from my trust estate", the trustee shall divide the trust among the persons then receiving the balance of the income therefrom. In order to fully understand and construe the provisions of the sixth paragraph, it is necessary to bear in mind and to give effect to the third and fifth paragraphs of said clause, both of which are quoted above.

In our opinion a consideration of the will reveals an intent on the testator's part to provide principally for his immediate family. His primary purpose was to assure a comfortable living for his wife during her life, and his secondary purpose was to see that after her death his estate, subject to certain stated conditions, would be distributed among his children or their issue.

We do not agree with the contention of the grandson and of the guardian *ad litem* that the provisions of the fifth and sixth paragraphs, under which the widow of *any* of the testator's sons dying without issue would be entitled to receive the income from the trust estate for three years after such son's death, require that the trust estate be held open until all the sons have deceased. Certainly there is no express provision in the will to that effect. Furthermore, the paragraphs make no provision for the widows of *all* his sons, as would be the natural expression if that were intended. In addition, if the trust estate should be held open for the above length of time its distribution would not be made to any of the testator's own sons, although they were plainly to be benefited in his plan. It should also be remembered that at the time he drew his will there were living several

children and apparently only one grandchild and for him he made a special·provision in that instrument. All these circumstances bear reasonably on the question of the testator's intent in relation to the issues before us.

On the other hand, considering the language used in the fifth and sixth paragraphs of clause nineteenth, it is our opinion that by clear and necessary implication the testator only intended that if at the time of the death of testator's wife there was no widow of a deceased son entitled to take any income from the trust estate, then those persons who were at that time receiving the balance of the income from the trust estate under the fifth paragraph were to receive also a vested interest in all of the *corpus* of the trust, and they were entitled to have such *corpus* as it was then constituted divided among' them by the trustee in accordance with the provisions of the sixth paragraph. But if there was such a widow at that time receiving income, then there would be no such vesting and distribution until three years from the time when she began to receive such income. In other words, the testator intended the above reference in the sixth paragraph to apply merely to the widow of any son who might have died without issue prior to testator's wife's death, which widow at that time would be receiving income for three years under the terms of the fifth paragraph.

It appears that when the testator's wife died in 1943 his four sons and two daughters were living, and hence no widow of any deceased son was entitled to receive income at that time from the trust. Thus, under the construction we have placed on the language used in the fifth and sixth paragraphs of the ninteenth clause, that portion of the sixth paragraph relating to the payment of income to the widow of any deceased son of the testator did not go into effect. On the death of the testator's widow his four sons and two daughters, since they had a vested interest in the *corpus,* would be entitled to have a distribution of the *corpus* as it was then constituted in accordance with paragraph sixth.

However, by reason of other language in the will the portion of the trust in question would not be terminated for all purposes by such distribution of the *corpus* above mentioned.

 The record before us shows that the lease referred to in the third paragraph of the nineteenth clause ran from March 1, 1923 to February 29, 1938, with a right of renewal for fifteen years to February 28, 1953, which right was exercised. Under the terms of the third clause the two sons of the testator who received the assignment of such lease were required to pay to the trustee the sum of $1200 annually in monthly installments each and every year during the continuance of the lease, "said sum to become a part of my trust estate." In other words, the two sons have a duty to make the above payments and the trustee has a duty to receive and distribute them as part of the testator's trust estate until February 28, 1953 when the lease in question ends. The language of the third paragraph is plain and specific and should be given effect if reasonably possible. In our judgment therefore the trust created under the nineteenth clause of the will does not actually terminate until February 28, 1953.

It is obvious, however, that, after the distribution of the *corpus* as hereinbefore determined, the trust would be somewhat in the nature of a dry or inactive trust involving on the part of the trustee merely the receiving of the sum of $1200 annually in monthly installments to be held for later distribution in 1953. We have already decided that in the circumstances the children of the testator living at the death of his wife had a vested interest in the *corpus* of his trust estate, except the portion held for the benefit of his grandson Stanley Arnold Fellman. We find in the will no express or implied direction to accumulate any of the income in the trust fund until 1953. In the absence of any such direction and under the facts alleged and shown, and if all other provisions of the will have been satisfied, we see no objection to the trustee being permitted to distribute from time to time, at such intervals as he may see fit, the sums

which he receives from the assignees of the lease according to paragraph third of clause nineteenth of the will, such distribution to be made as *corpus* of the trust estate under paragraph sixth to those persons who, as hereinbefore de-, cided, acquired a vested interest in such *corpus* on the death of the testator's wife. As we have already stated, one child, a daughter, has died without issue since that event and her share of the *corpus* of the trust, in our opinion, should be paid into her estate.

On January 9, 1948, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Higgins & Silverstein, Lewis Z. Lavine,* for complainant.

*Louis Macktaz, Albert L. Rosen,* for respondents.